Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000042
28-JAN-2016
08:15 AM

NO. CAAP-15-0000042

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
LONG BEACH MORTGAGE LOAN TRUST, 2006-6, Plaintiff-Appellee,
v.
JENNIFER C. TROST, Defendant-Appellant,
and
LONG BEACH MORTGAGE COMPANY; L&F ENTERPRISES, INC.;
JOHN AND MARY DOES 1-20; DOE PARTNERSHIPS, CORPORATIONS,
OR OTHER ENTITIES 1-20, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 09-1-274K)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Jennifer C. Trost (**Trost**) appeals
from the (1) "Findings of Fact; Conclusions of Law; Order
Granting Plaintiff's Motion For Summary Judgment, and For
Interlocutory Decree of Foreclosure Against All Parties"
(**FOFs/COLs**) and (2) "Judgment" both entered on December 24, 2014
in the Circuit Court of the Third Circuit[1] (**circuit court**).

On appeal, Trost contends the circuit court erred in
granting summary judgment based on federal cases subsequently
overturned on appeal.

## I.  BACKGROUND

Trost executed a promissory note (**Note**) with Long Beach
Mortgage Company (**LBMC**) secured by a mortgage on a property
located in Kailua-Kona, Hawai'i on May 24, 2006 (**Mortgage**).  The

---

[1] The Honorable Ronald Ibarra presided.

Mortgage was recorded in the State of Hawai'i Bureau of Conveyances on June 1, 2006. On October 27, 2008, LBMC assigned the Note and Mortgage to Plaintiff-Appellee Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-6 (**Deutsche Bank**).

In a letter dated January 14, 2009, Trost notified Deutsche Bank that she is "exercis[ing] her right to cancel said referenced loan transaction and mortgage and promissory note of like consummation date, based upon numerous (1) false disclosures, (2) material nondisclosures, (3) unfair and deceptive acts and practices, (4) excessive charges, and (5) acts of fraud and misrepresentation throughout said loan transaction."

On July 8, 2009, Deutsche Bank filed a complaint in circuit court to foreclose on the Mortgage. On July 23, 2014, Deutsche Bank filed a "Motion For Summary Judgment, and For Interlocutory Decree of Foreclosure Against All Parties" (**MSJ**). Trost filed her "Memorandum in Opposition to [Deutsche Bank's] MSJ" (**Opposition to Summary Judgment**) on September 3, 2014.

On December 24, 2014, the circuit court entered its FOFs/COLs and Judgment granting Deutsche Bank's MSJ. Trost filed her notice of appeal on January 23, 2015.

## II. STANDARD OF REVIEW

**Summary Judgment**

> [An appellate] court reviews a trial court's grant of summary judgment <u>de novo</u>. <u>O'ahu Transit Servs., Inc. v. Northfield Ins. Co.</u>, 107 Hawai'i 231, 234, 112 P.3d 717, 720 (2005). The standard for granting a motion for summary judgment is well settled:

>> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, [the appellate court] must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

> <u>Price v. AIG Hawai'i Ins. Co.</u>, 107 Hawai'i 106, 110, 111 P.3d 1, 5 (2005) (original brackets and citation omitted).

2

Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008). On a motion for summary judgment, "[a] fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Crichfield v. Grand Wailea Co., 93 Hawai'i 477, 482-83, 6 P.3d 349, 354-55 (2000) (citations omitted) (quoting Taylor v. Gov't Emps. Ins. Co., 90 Hawai'i 302, 205, 978 P.2d 740, 743 (1999)).

"[A] plaintiff-movant is not required to disprove affirmative defenses asserted by a defendant in order to prevail on a motion for summary judgment." U.S. Bank Nat'l Ass'n v. Castro, 131 Hawai'i 28, 41, 313 P.3d 717, 730 (2013) (quoting GECC Fin. Corp. v. Jaffarian, 80 Hawai'i 118, 119, 905 P.2d 624, 625 (1995)). "Generally, the defendant has the burden of proof on all affirmative defenses, which includes the burden of proving facts which are essential to the asserted defense." Castro, 131 Hawai'i at 41, 313 P.3d at 730 (quoting GECC Fin. Corp. v. Jaffarian, 79 Hawai'i 516, 526 n.3, 904 P.2d 530, 540 n.3 (App. 1995) (Acoba, J., concurring)).

> [T]he moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Only when the moving party satisfies its initial burden of production does the burden shift to the nonmoving party to respond to the motion for summary judgment and demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.

French v. Hawaii Pizza Hut, Inc., 105 Hawai'i 462, 470, 99 P.3d 1046, 1054 (2004) (emphasis omitted) (quoting Jaffarian, 79 Hawai'i at 521, 904 P.2d at 535).

### III. DISCUSSION

### A. Truth in Lending Act (TILA)[2]

In Trost's Opposition to Summary Judgment she argued:

> It is uncontested that Ms. Trost through counsel timely sent a cancellation letter to her purported mortgagee, rescinding her mortgage within the three-year recission period for numerous TILA violations . . . which if those material facts are established at trial, to which she

---

[2] 15 U.S.C. §§ 1601 et seq.

is now entitled, prevents foreclosure as a matter of federal law.

> While it is true that there is a split among Circuit Courts in the federal system whether a borrower must also file suit within the extended TILA three-year recission period in addition to sending a letter of cancellation, that issue has now been accepted for review by the United States Supreme Court[.]

Attached to Trost's Opposition to Summary Judgment was her letter notifying Deutsche Bank that she is "exercis[ing] her right to cancel said loan transaction and mortgage and promissory note of like consummation date[.]" The Mortgage was executed on May 24, 2006. The letter notifying Deutsche Bank of Trost's intention to rescind the Mortgage is dated January 14, 2009, within three years of the consummation of the Mortgage.

The circuit court issued its FOFs/COLs and Judgment on December 24, 2014, having made no findings or conclusions regarding Deutsche Bank's TILA defense.

On January 13, 2015, the United States Supreme Court answered the question of "whether a borrower exercises [the right to rescind certain loans for up to three years after a transaction is consummated under the TILA] by providing written notice to his lender, or whether he must also file a lawsuit before the 3-year period elapses." Jesinoski v. Countrywide Home Loans, Inc., 135 S.Ct. 790, 791 (2015). The Supreme Court held, "so long as the borrower notifies within three years after the transaction is consummated, his recission is timely. The statute does not also require him to sue within three years." Id. at 792. In order to exercise the right to rescind under TILA, a borrower must merely provide written notice of their intention to rescind within three years of the consummation of their loan. Id. at 793.

Trost preserved her right to rescind the Mortgage with Deutsche Bank because her letter notifying Deutsche Bank of her intention to do so was timely under TILA. Trost's letter was sent within three years of the consummation of the Mortgage. The circuit court did not include in its FOFs/COLs a decision on whether Trost had timely preserved her right to rescind under TILA. We must answer whether this omission by the circuit court was harmless error in light of the circuit court's grant of

Deutsche Bank's MSJ. If Trost was required to provide evidence of facts essential to her affirmative defense and has not done so, then the circuit court's error was harmless.

In her Opposition to Summary Judgment, Trost failed to make any argument or provide evidence to support her claim that Deutsche Bank engaged in "(1) false disclosures, (2) material nondisclosures, (3) unfair and deceptive acts and practices, (4) excessive charges, and (5) acts of fraud and misrepresentation throughout said loan transaction." In order to survive summary judgment, Trost must have provided facts demonstrating that Deutsche Bank failed to satisfy TILA's disclosure requirements. See Jesinoski, 135 S.Ct. at 792 ("[TILA] grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements."). Because Trost failed to provide any evidence that Deutsche Bank did not comply with TILA, Trost has failed to meet her burden of proof at the summary judgment stage for this affirmative defense. Therefore, the circuit court's failure to address Trost's TILA defense was harmless error.

## B. Standing

On appeal, Trost argues that In re Mortgage Electronic Registration Systems, Inc., 555 Fed. Appx. 661 (9th Cir. 2015) (**MERS Litigation**) created a new rule under which the circuit court's decision that Deutsche Bank had standing is erroneous.[3] In MERS Litigation, however, the Ninth Circuit reversed the trial court's dismissal of a plaintiff-debtor's claim that MERS violated former Hawaii Revised Statutes (**HRS**) § 667-5 (1993) because the plaintiff-debtor had "plausibly alleged that MERS was neither the mortgagee, nor the mortgagee's successor in interest, nor authorized by the power to act in the premises, because [the plaintiff's] lender's bankruptcy terminated MERS' status as the

---

[3] Trost's opening brief cites to In re Mortgage Electronic Registration Systems (MERS) Litigation, Nos. CV 10-01547-PHX-JAT, MD 09-02119-PHX-JAT, 2015 WL 3465816 (D. Ariz. June 1, 2015), which relies on the Ninth Circuit decision. Because Trost's argument relies on the substance of the Ninth Circuit and not the subsequent federal district court case, we discuss the impact of the Ninth Circuit decision on Trost's appeal.

5

lender's nominee under the power of sale." MERS Litigation, 555 Fed. Appx. at 664 (citations omitted).

Here, however, Trost challenges the circuit court's grant of Deutsche Bank's MSJ in a judicial foreclosure action, not the dismissal of a cause of action for violating HRS § 667-5. Therefore, MERS Litigation is not dispositive of this case. Moreover, Trost did not provide any admissible evidence to counter Deutsch Bank's evidence that it holds the note and mortgage in this case. In sum, Trost's argument that MERS Litigation requires reversal of the circuit court's grant of Deutsche Bank's MSJ is without merit.

### IV. CONCLUSION

Therefore, the (1) December 24, 2014 "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion For Summary Judgment, and For Interlocutory Decree of Foreclosure Against All Parties" and (2) December 24, 2014 "Judgment" both entered in the Circuit Court of the Third Circuit are affirmed.

DATED: Honolulu, Hawai'i, January 28, 2016.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
(Dubin Law Offices)
for Defendant-Appellant.

Patricia J. McHenry
Andrew G. Odell
(Cades Schutte)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge